CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

RAVI T. NARAYAN (CABN 331858)
Deputy Chief, Criminal Division

LORINDA LARYEA (DCBN 99769)
Chief, Fraud Section

JIL SIMON (DCBN 1030206)
Trial Attorney, Fraud Section
SANDOR A. CALLAHAN (CABN 318200)
Trial Attorney, Fraud Section

  U.S. Department of Justice, Fraud Section
  1400 New York Avenue NW
  Washington, DC 20005
  Telephone: 202-514-2000
  Jil.Simon@usdoj.gov
  Sandor.Callahan2@usdoj.gov

KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorney

  450 Golden Gate Avenue, P.O. Box 36055
  San Francisco, CA 94102-3495
  Telephone: (415) 436-7200
  Kristina.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-CR-00432 CRB |
|   Plaintiff, | |
|  v. | STIPULATION AND PROTECTIVE ORDER |
| DONE GLOBAL, INC. and | Judge: Hon. Charles R. Breyer |
| MINDFUL MENTAL WELLNESS P.A., | |
|   Defendants. | |

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
25-CR-00432 CRB         1

With the agreement of the parties, the Court enters the following Protective Order:

Defendant Done Global, Inc. ("Done Global") is charged with violations of 21 U.S.C. §§ 846, 841, 18 U.S.C. § 1349, and 18 U.S.C. § 1512(k), and defendant Mindful Mental Wellness P.A. ("MMW") is charged with a violation of 21 U.S.C. § 846 (collectively, the "defendants"). The Court has ordered that this case is related to *United States v. He and Brody,* CR 24-00329 CRB (the "related case").

The United States previously produced documents and other materials in the related case that pertains to the defendants in this case ("Related Case Discovery"). The United States represents that it will produce the same discovery with the same Bates numbers to the defendants in this case, along with other discovery ("Discovery"). Defense counsel represents that the Related Case Discovery is hosted in part in an e-discovery platform where access is limited by the protective order entered in the related case. The terms of this protective order apply both to Discovery and Related Case Discovery, whether reviewed by the Defendants through that e-discovery platform or otherwise.

Upon receipt of a discovery request, the United States will produce Discovery to defense counsel in this case, including documents and other materials pertaining to the defendants and the charged offenses. The Discovery to be provided includes sensitive information, including but not limited to:

1. Personal identifying information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories ("Personal Identifying Information");

2. Financial identifying information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers ("Financial Identifying Information"); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

The information described above is found throughout the Discovery in this case, and it would be unduly burdensome for the government to attempt to segregate this information from the remaining portions of the Discovery that do not contain such information. It is anticipated that this Discovery will

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
25-CR-00432 CRB                                    2

include, among other records, thousands of pages of records from a variety of sources, which will contain the types of information described above.  It would be contrary to the interests of justice to indiscriminately disclose such information to the general public.  Moreover, it would be unduly burdensome for the government to attempt to redact as necessary the sensitive information found throughout the Discovery.

Accordingly, **IT IS HEREBY ORDERED** that, in order to protect the confidentiality of any sensitive information that is contained in the Discovery, only defense counsel, defense counsel's employees, agents, assistants, independent contractors, investigators, consultants, and experts, (collectively, "the Defense Team") and the defendants may review the Discovery provided by the government in preparation for trial, and the Defense Team and the defendants may only use the Discovery and the information provided therein for the specific purpose of preparing or presenting a defense in this matter, and for no other purpose.  For purposes of this Order, the term "defendants" includes any current employees, officers, or agents of any corporate defendant who are assisting in the preparation of the defense of this matter.

The government may designate certain Discovery as "U.S. Personnel Only" if the Discovery contains sensitive personal health information and financial data of U.S. persons.[1]  Discovery produced by the government and designated as "U.S. Personnel Only" shall not be transferred outside of the United States or Canada by or to people who are not members of the Defense Team, but the Defense Team may display Discovery designated as "U.S. Personnel Only" and provide read-only access to such persons located outside of the United States or Canada for the purpose of preparing a defense.  Such read-only access will not permit Discovery designated as "U.S. Personnel Only" to be exported or downloaded by people located outside of the United States or Canada.  The government shall provide a list of Bates numbers for all Discovery designated by the government as "U.S. Personnel Only".

Any defendant may challenge a designation of "U.S. Personnel Only" at any time.  The

---

[1] The government has endeavored to identify every copy of such documents that contain the personal health information and financial data of U.S. persons, however, there may be copies within the production including, for example, attachments to interview reports that were not explicitly designated. The government reserves the right to designate a document as "U.S. Personnel Only" following any production.

challenge shall be initiated by providing written notice of each designation at issue and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly in person or by videoconference within 14 days of the date of service of notice.  If the parties cannot resolve a challenge without court intervention, the defendant may seek relief from the Court through a motion.  The defendants shall continue to treat such information as "U.S. Personnel Only" pending resolution of the objection.  The burden of persuasion in any such challenge proceeding shall be on the government as the designating party to demonstrate why the designated item at issue should be restricted to "U.S. Personnel Only" as described above.

All "U.S. Personnel Only" markings are for pre-trial use only and all such markings will be removed from any documents used in trial or shown to jurors in this matter.

The Defense Team may show witnesses and any counsel for witnesses Discovery in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness the Discovery.  Witnesses may only view the Discovery in the presence of the Defense Team.[2]  No witness or potential witness may retain copies of Discovery material after his or her review of those materials with the Defense Team is complete.  This paragraph's limitations on witnesses shall not apply to any individual qualifying as a defendant under the definition above.

Notwithstanding any other provision of this Stipulation, if defense counsel redacts all Personal Identifying Information, Financial Identifying Information, and Medical Information from Discovery, presents such material to the government for their confirmation and approval that all confidential information has been redacted, or confirms that there is no information that needs to be redacted, and receives confirmation of the same, such material will no longer be considered confidential subject to this Order.  The government will work promptly to review the redacted material and provide confirmation and approval.

**IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there

---

[2] "In the presence of the Defense Team" includes both in-person meetings and screen sharing during videoconference meetings.

are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendants shall either destroy Discovery materials within 30 days if the defendants consent to such destruction, or retain the Discovery materials and ensure that the Discovery materials will continue being kept under the conditions specified in this Order.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If a defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED**

CRAIG H. MISSAKIAN
United States Attorney


_/s/_____
JIL SIMON
SANDOR A. CALLAHAN
Trial Attorneys
Fraud Section, U.S. Department of Justice


_/s/_____
KRISTINA GREEN
Assistant United States Attorney


_/s/_____
CHRISTOPHER J. STESKAL
Counsel for Defendant Done Global


_/s/_____
TED W. CASSMAN
RAPHAEL M. GOLDMAN
Counsel for Defendant MMW

**IT IS SO ORDERED**

Date: March 13, 2026

_____
HON. CHARLES R. BREYER
United States District Judge